**FORM 5. Petition for Review or Notice of Appeal of an Order or Decision of an Agency, Board, Commission, Office, Bureau**

**Form 5**
**July 2020**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

Stuart Harrow

_____ ,     **Petitioner or Appellant,**

**v.**

Department of Defense

_____ ,     **Respondent or Appellee.**

### PETITION FOR REVIEW

Notice is hereby given that the following party/parties* Stuart Harrow
_____

_____

hereby petition(s)/appeal(s) the court for review of the order of the Merit Systems
Protection Board entered on 5/11/22 . The order or decision was received
on 8/30/22 .

Date: 9/16/22 _____

Signature: _Stuart R. Harrow_

Name: Stuart R. Harrow

Address: 83-44 Lefferts Blvd, Apt 1-B

Kew Gardens, NY 11415

_____

Phone Number: (347) 531-3683

Email Address: stuart.harrow@gmail.com

See attached Motion for Granting an Extension of Time to File an Appeal, 08 SEP 2022, with supporting papers, and MSPB response, 12 SEP 2022

*See Fed. R. App. P. 15(a)(2) for permissible ways of identifying petitioners.

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STUART R. HARROW,
                Appellant,

     v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
PH-0752-13-3305-I-1

DATE: May 11, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stuart R. Harrow</u>, Kew Gardens, New York, pro se.

<u>Lida V. Kianoury</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant was employed by the Defense Contracting Management Agency (DCMA) in its Philadelphia, Pennsylvania office. Initial Appeal File (IAF), Tab 1 at 7-9, Tab 4 at 24-28. The DCMA is a component of the Department of Defense (DOD). *Vassallo v. Department of Defense*, 122 M.S.P.R. 156, ¶ 2, *aff'd*, 797 F.3d 1327 (Fed. Cir. 2015). DOD imposed department-wide furloughs during Fiscal Year (FY) 2013. The furloughs resulted from the sequestration, which required across-the-board reductions in Federal spending pursuant to the Balanced Budget and Emergency Deficit Control Act, as amended, as well as from the misallocation of funds while DOD was operating under a continuing resolution and incurring unexpectedly high wartime costs. Complete Defense Contract Management Agency Administrative Record for FY 2013 Furlough Appeals (CAR), part 1 at 1-8.[2] The furloughs were widely imposed throughout DOD with only a few categories of exempt employees. *Id.* at 63-67. As a component of DOD, the DCMA was required to follow the directive of the Secretary of Defense and implement the furloughs within its workforce. *Id.* at 72.

---

[2] The CAR is a set of documents pertaining to all DCMA appeals for the 2013 sequestration furlough. The CAR may be found on the Board's website at https://www.mspb.gov/furloughappeals/dcma2013.htm.

¶3      The agency issued the appellant a proposal notice for the furlough, which he received on May 29, 2013.  IAF, Tab 4 at 30-32.  The appellant replied to the notice and requested that the agency exempt him on the ground that the furlough would impose a financial hardship on his family.  *Id.* at 29.  The deciding official issued the appellant a decision letter on July 2, 2013, informing him that he would be furloughed for up to 11 workdays; ultimately, he was furloughed for 6 days.  *Id.* at 20-23, 26-28.

¶4      The appellant filed a timely Board appeal challenging the furlough.  IAF, Tab 1.  He questioned the legitimacy of the furlough action and argued that he should have been exempt because the resulting loss of pay would subject him to financial hardship.  *Id.* at 5; IAF, Tab 4 at 29.  He also took issue with the decision to require him to serve his furlough days on a discontinuous basis rather than on consecutive days, arguing that he might have been able to find temporary employment during the furlough days if he had been allowed to serve them consecutively.  IAF, Tab 1 at 5.  The appellant additionally challenged the agency's assertion that the furlough promoted the efficiency of the service.  *Id.*; IAF, Tab 8 at 5-13, Tab 15.  He advocated broadening the definition of "efficiency of the service" and establishing a formula by which it could be measured.  IAF, Tab 8 at 8-9, 11-13, Tab 11 at 8-27.

¶5      Originally, the appellant's appeal was consolidated with those filed by other DCMA employees assigned to the agency's Philadelphia Office, and the consolidated appeal was designated as *DCMA Phila v. Department of Defense*, MSPB Docket No. PH-0752-14-0405-I-1.  Consolidated Appeal File (CAF), Tab 3.[3]  The administrative judge directed the appellants in *DCMA Phila* to file their prehearing submissions by May 11, 2015, and to participate in a prehearing teleconference on May 18, 2015.  CAF, Tab 13.  Of the 33 persons who comprised the pool of appellants in the consolidated appeal, only the appellant in

---

[3] All pleadings and orders in the CAF are docketed as *DCMA Phila v. Department of Defense*, MSPB Docket No. PH-0752-14-0405-I-1.

the instant case filed a prehearing submission or participated in the prehearing teleconference.  CAF, Tab 16.  The administrative judge thus cancelled the hearing for the other appellants, deciding their appeals on the written record.  *Id.* The administrative judge held a hearing for the appellant on June 25, 2015.  IAF, Tab 15 at 1.

¶6        The administrative judge issued an initial decision finding that the agency established it had a legitimate factual basis for the furlough and that the furlough promoted the efficiency of the service.  IAF, Tab 20, Initial Decision (ID) at 10. He explained that he lacked authority to change Board law regarding defining and measuring the efficiency of the service.  ID at 10-11.  The administrative judge further found that the appellant failed to show he was erroneously excluded from any of the categories of employees exempt from the furlough for mission-specific reasons.  ID at 10.  As for the appellant's contention that the furlough caused his family financial hardship, the administrative judge found that such equitable considerations would not establish a basis for finding that the furlough action was improper or that it failed to promote the efficiency of the service.  ID at 11.  He likewise found that the Board lacked jurisdiction over such considerations as whether the appellant might have been allowed to serve the furlough on consecutive days.  ID at 11-12.  The administrative judge thus affirmed the furlough action.  ID at 12.

¶7        Before issuing the initial decision, the administrative judge notified the parties that the Board had experienced a significant data loss from its computer systems, and the recording of the hearing in this appeal had been lost.  The administrative judge prepared for the parties a detailed 6-page Memorandum of Record Summarizing the Hearing of June 25, 2015, which set forth the issues and testimony from the hearing.  IAF, Tab 15.  The memorandum states that both parties reviewed the administrative judge's notes from the hearing, which were reproduced therein, and both confirmed that the notes accurately represented the testimony and closing arguments presented at the hearing.  *Id.* at 1.  The

administrative judge prepared the initial decision from these hearing notes.  ID at 1 n.1.

¶8        The appellant filed a petition for review and a related motion to reopen discovery for the purpose of examining the Board's records.  Petition for Review (PFR) File, Tabs 1, 3.  The appellant argues that the administrative judge's preparation and use of the Memorandum of Record, though admirable, did not have a basis in the Board's procedures or rules.  PFR File, Tab 1 at 9-11.  The appellant further argues that because the Memorandum of Record was prepared only 4 days before the initial decision was issued, it was likely that the initial decision was prepared from an alternative source.  *Id.* at 7.  The appellant additionally asserts that the administrative judge "did not provide any details regarding the date of [the Board's data] loss, or the circumstances surrounding the loss." *Id.* at 10.  He thus explains that he "invokes his right of Discovery, and requests that the [Board] provide him with the full circumstances of the 'issue involving the Merit Systems Protection Board's computer server.'" *Id.*

¶9        At the outset, to the extent that the appellant may be asserting that the loss of hearing tapes violated 5 U.S.C. § 7701(a)(1) (providing for a hearing "for which a transcript will be kept") or 5 C.F.R. § 1201.53(a) (recognizing that a hearing is ordinarily recorded by a court reporter under an administrative judge's guidance, but that "[j]udges may prepare recordings in some hearings, such as those conducted telephonically"), we disagree.

¶10       In *Harp v. Department of the Army*, 791 F.2d 161, 163 (Fed. Cir. 1986), the U.S. Court of Appeals for the Federal Circuit rejected a petitioner's claim that the unavailability of a hearing transcript constituted harmful error per se, requiring reversal of the Board's decision.  The court noted that "such loss is not fatal" to the court's ability to review a Board appeal.  The court analyzed several factors in its consideration of whether a fatal flaw occurred, such as whether the appellant established that he was prejudiced by the loss of the hearing transcript, whether the appellant showed that the administrative judge failed to consider or misused

any particular testimony from the hearing, and whether other evidence existed in the record that would support the administrative judge's findings. *Id.*; *see also Kemp v. Department of Veterans Affairs*, 154 F. App'x 912, 914 (Fed. Cir. 2005)[4]; *Morales v. Merit Systems Protection Board*, 932 F.2d 800, 802 (9th Cir. 1991); *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 5 n.1 (2008).

¶11    Here, we find that the appellant did not show that he was prejudiced by the absence of the telephonic hearing tapes and he did not allege that the administrative judge failed to consider or misused any particular testimony of the two approved witnesses that might have caused a different result in this case.  In addition, while the hearing tapes may not have been available, the record in this case was sufficiently developed to provide a basis for a meaningful review of the issues raised by the appellant.  In his summary of the prehearing conference, the administrative judge noted that, in making his decision, he would consider all of the exhibits contained in the agency files in both this case and the consolidated appeal designated as *DCMA Phila*, along with any documents attached to the appellant's petition for appeal.  The administrative judge also wrote that he would consider the exhibits included in the DCMA administrative record, located at http://www.mspb.gov/furloughappeals/dcma2013.htm.  Our review of the initial decision indicates that the administrative judge did just that; the initial decision contains a detailed and thorough analysis that demonstrates a careful consideration of the testimony and weighing of the evidence.  ID at 1-12.  In fact, the appellant failed to show that the hearing testimony was in any way different from that related by the administrative judge in the initial decision.

¶12    The appellant further suggests that the hearing itself was too informal, and a recording of the hearing would show that he had been ill-prepared to testify under

---

[4] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

such circumstances. He argues that had he been able to give his prepared testimony, the outcome of the appeal may have been different. PFR File, Tab 1 at 10-11. He included with his petition for review a copy of the prepared testimony comprising Power Point slides and hand-written notes that he evidently was intending to provide at a more formal hearing. *Id.* at 22-35. The appellant's argument is unavailing. The appellant asserted that he may have been confused by some of the administrative judge's instructions during the prehearing conference. *Id.* at 8-9. However, having subsequently agreed in writing that the Memorandum of Record accurately represented the hearing testimony from which the administrative judge would prepare the initial decision, *id.* at 17-21, he cannot reverse his position now in the hope that the Board will grant him the opportunity to present his testimony and arguments once more and in greater detail.

¶13        We likewise deny the appellant's motion to reopen discovery. Discovery is the process by which a party may obtain information relevant to his case that another person or party has not already provided. 5 C.F.R. § 1201.71. Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Discovery is intended to assist the parties in preparing and presenting their cases. *Id.* Board records pertaining to its information technology systems[5] would not assist the appellant in finding admissible evidence regarding DCMA's decision to furlough him. Therefore, the appellant's motion is denied.

¶14        The appellant also has asked the Board to reconsider its standard set forth in *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163 (2013), for determining whether a furlough decision promotes the efficiency of the service. PFR File, Tab 1 at 8, 11-14. In *Chandler*, the Board deferred to agency discretion

---

[5] MSPB's Annual Report for FY 2015 explained that the agency "experienced an IT outage in late June 2015 resulting in the loss of [its] virtual IT environment and employee working and archived documents." Annual Report for FY 2015 (Feb. 29, 2016), https://mspb.gov/about/annual_reports/MSPB_FY_2015_Annual_Report_1275851.pdf.

regarding decisions such as allocating budgetary resources and furlough days among employees who are not similarly situated. *Chandler*, [120 M.S.P.R. 163], ¶ 9. Instead, the Board found that the efficiency of the service determination encompassed issues relating to uniformly and consistently applying the furlough, including whether the agency used a furlough to target employees for personal reasons, or attempted to exempt certain employees from the furlough without legitimate management reasons. *Id.* The appellant asserts that the separate opinion in *Chandler*, which criticized the majority's recognition of the agency's broad discretion under the statute to impose a furlough, offered a better approach. PFR File, Tab 1 at 8. The appellant argued that the Board should expand the definition of the efficiency of the service and establish criteria by which to measure how the efficiency of the service is furthered, considering each agency's unique mission requirements. *Id.* at 12. He argues that the Board's definition is so broad as to be vague. *Id.* at 12-13.

¶15        The appellant's argument is unavailing. The appellant acknowledges that *Chandler* is the Board's current standard for analyzing whether a furlough promotes the efficiency of the service.[6] He also admits that the administrative judge followed *Chandler*. While he might criticize *Chandler* and agree with the then-Vice Chairman's separate opinion, we find his personal preferences on this issue are insufficient reason for the Board to disturb settled law.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. [5 U.S.C. § 7703](a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[6] The U.S. Court of Appeals for the Federal Circuit in *Berlin v. Department of Labor*, [772 F.3d 890], 895 (Fed. Cir. 2014) "[found] nothing improper" in the Board's adoption of the standard set forth in *Chandler* and determined that the Board's standard was "reasonable."

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

12

petition for review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

# FAX COVER SHEET



From: Stuart Harrow
My FAX: (718) 441-3558
My Cell: (347) 531-3683
To: MSPB,
Your FAX: (202) 653-7130
Docket No. PH-0752-13-3305-1

Date: 08 SEP 2022
No of Pages: L +

Message: Attached please find my Motion for Granting Extension of Time to File Appeal

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STUART R. HARROW,

Appellant, v.

DEPARTMENT OF DEFENSE,

Agency.

DOCKET NUMBER
PH-0752-13-3305-I-1

DATE: September 8, 2022

### MOTION FOR GRANTING AN EXTENSION OF TIME TO FILE AN APPEAL

1.      I, Stuart R. Harrow, "Harrow" am the Appellant in this action and I make this motion to the court for an Order in accordance with U.S. Merit Systems Protection Board, Information Sheet No. 6, Motions Practice, and 5 CFR § 1201.114 (f) Extension of time to file. While these Practices and Procedures are not cited in reference to Final Orders, they do provide guidance regarding the submission of a motion which shows good cause to grant a motion for extension of time to file.

2.      I request an extension of time to file an appeal. The time to file has expired. It was due on 10 JUL 2022, sixty days after 11 MAY 2022, the date of the Final Order. If the extension is granted, the appeal will filed by 20 SEP 2022 or ten days after the granting of this request, whichever is later.

3.      A memorandum providing an explanation, but not an excuse, for my failure to meet the deadline is filed with this motion. It also provides additional support of this motion

Signed

Stuart R. Harrow

Dated 08 SEP 2022

83-44 Lefferts Blvd, Apt 1-B

Kew Gardens, NY 11415

Telephone Number (Cell): (347) 531-3683

Fax: (718) 441-3558

Email Address: stuart.r.harrow.civ@mail.mil

## MEMORANDUM SUPPORTING THE MOTION FOR GRANTING AN EXTENSION OF TIME TO FILE AN APPEAL

### The end of the MSPB's five-year lack of a quorum on March 4, 2022 brought an expectation of case resolution - Harrow's was among the oldest

Knowing that two new Merit Systems Protection Board (MSPB) members had been confirmed by the Senate and had assumed their duties March 4, 2022, Harrow understood that the five-year lack of a quorum had come to an end. He knew there was a backlog of over 3,500 cases, but he did not know when the Board would reach his case. Expecting to hear from the Board regarding his Petition for Review (PFR) submitted on August 23, 2016, and clearly waiting longer than he should have, he logged on to the MSPB cite on the night of Tuesday, August 30, 2022 out of general curiosity and interest, and searched for decisions under the name "Harrow." He found the Final Order dated May 11, 2002. That left him with a problem – that was 111 days after the date of the decision: he had missed his 60-day window to file an appeal.

Believing that he had not received notice of the Board's decisions, Harrow immediately requested a copy of the Board's Certificate of Service. See email dated 30 AUG 2022. The problem, he learned, stemmed from a change of address. DCMA began its change to mail.mil email addresses in February 2018 (see attachment). His former email address of stuart.harrow@dcma.mil  would now be stuart.r.harrow.civ@mail.mil . Harrow mistakenly believed that the emails addressed to the old address would be forwarded to his current email address. That was not the case. Harrow tried sending a test message to his old address and it was not forwarded – it was a dead letter; the message evaporated into e-space. He called his Help Desk. They said while they had initially been forwarding emails using the old address for a period of time, they stopped a while ago. The Board responded to his claim of defective service:

> The Board's records indicate that electronic notification of the Final Order and electronic notification of the certificate of service were sent to your email address of record, stuart.harrow@dcma.mil , on May 11, 2022, at 4:42pm by eAppeal Online.  You note that stuart.harrow@dcma.mil  is no longer your active email address.  With respect to electronic filing procedures, the Board's regulation at 5 C.F.R. 1201.14[e](6) provides that "[e]ach e-filer must notify the MSPB and other participants of any change in his or her e-mail address. When done via e-Appeal Online, such notification is done by selecting the

"Pleading" option." On the main e-Appeal website, the "Pleading" section explains that it should be used for submitting a designation of representative or "Changes in Contact information." Additionally, on May 5, 2022, the Board posted a courtesy notice on its website reminding parties with a pending petition for review of their obligation to notify the Board and other parties of any changes in their contact information, including their email address of record. The Board has no record of you filing a pleading to update your email address; accordingly, the Board served the Final Order on your email address of record. Further, section 1201.14(j)(3) provides that e-filers are responsible for monitoring case activity at the Repository at e-Appeal Online to ensure that they have received all case-related documents.

See email dated 01 SEP 2022. The Agency attorney, Ms. Lida Kianoury, also reported that she had not received notification, presumably, for the same reasons. See email dated 31 AUG 2022. Ms. Kianoury has stated that she has no objection to the granting of this request. See her email of 04 SEP 2022.

Clearly, these are unusual circumstances. Had the MSPB quorum been in place, his PFR, as submitted on August 23, 2016, would have long since been gone by the time the email addresses were changed. But it wasn't and it didn't.

### Facing the "laugh test" and a charge of frivolousness, Harrow points to his Initial Appeal and Petition for Review to establish credibility

On his last day in office, in testimony before the House Committee on Oversight and Reform, Subcommittee on Government Operations, on February 28, 2019, then-MSPB Acting Chairman, Mark Robbins was asked by Congressman Glenn Grothman (WI-06), "Do you, in your own mind, think that *** a high number of these appeals, if that's what I can call them, are frivolous or not much to them?" He responded:

Mr. Robbins. You know, I believe that the vast majority of employees who file an appeal with us believe that they've been wronged. I don't think there's bad faith.

And then he added:

Mr. Robbins. You know, again, pointing to frivolity in filing, I would just go to the poster child, which was the sequestration for those 33,000 cases, and none of them had merit.

Federal Rules of Civil Procedure, Rule 11 authorizes sanctions for three types of frivolous claims: (1) claims that have an insufficient legal basis; (2) claims that are brought for an improper purpose; and (3) claims that have an insufficient factual basis.

Let's address (2) first. The examples of improper purpose cited by the rule, "to harass, cause unnecessary delay, or needlessly increase the cost of litigation," do not apply to your Appellant: he has neither need nor desire to trouble the Court or his Agency, the Department of Defense (DoD). The purpose of the appeal would be to engage the court in deciding whether the FY 2013 furlough did or did not, in accordance with USC 5713 (a), promote the efficiency of the service. Harrow believes that to be a proper purpose

Regarding (1) and (3) the sufficiency of the claim to law and fact, Harrow suggests that frivolous filings appear to come in two flavors. Those where the cost of filing and discovery is nil or minimal, such as the filings of *in forma pauperis*, *Neitzke v. Williams,* 490 U.S. 319 (1989) (a claim is frivolous when the claim lacks any arguable basis either in law or in fact), and in our case the MSPB's 32,700 FY 13 appeals. And there are those where the suits have a positive expected value. That is, the suit lacks merit and has very little chance of trial success. Running the risk that the defendant might call the plaintiff's bluff, the plaintiff plays the odds, sues, and seeks an early "nuisance" settlement. See Robert G. Bone, Modeling Frivolous Suits, 145 U. PENN. L. REV. 519, 522.

The question then becomes, how to avoid the unintended consequence of chilling "an attorney's enthusiasm or creativity in pursuing factual or legal theories." Notes of Advisory Committee on Rules—1983 Amendment. Or "given its potential for chilling legitimate advocacy" ** [not] "to penalize litigants because they choose to fight uphill battles." *Fleming Sales Co., Inc. v. Bailey,* 611 F. Supp. 507, 518 (N.D. Ill. 1985) at 519.

A hard look at Harrow's Initial Appeal and Petition for Review (PFR) would say that he was enthusiastic in pursuing a legal theory, to the point where Administrative Judge McLaughlin wrote in his Initial Decision, "While the appellant's prehearing submissions constitute a Herculean effort on his part to broaden that term, I am without authority to rule in a manner that contradicts prevailing Board case law." Initial Decision at 10.

In choosing to fight uphill battles, Harrow writes,

> [H]ere is the sum and substance of the Appellant's argument: "The proof that by ameliorating the financial restrictions imposed upon it the furlough was conducted 'to promote the efficiency of the service' is not irrefragable." *** To say that the Appellant's argument is unconventional is indeed an understatement. PFR at 8

Rather than frivolous, his arguments test the limits of customary legal practice.

**With neither the height of audacity nor naïveté, Harrow believes the weight of new evidence and the force of new argument deserves a hearing**

If permitted to file, here are the issues Harrow would raise.

| Statement of the Issue | Words | Standard of Review |
|---|---|---|
| First appearing as an interlocutory, *Chandler* has assumed the role of a Case of First Impression. Facing a dearth of case law addressing a furlough of less than 30 days, the Board found *Clark*. *Clark*'s use of 'Reasonable Management Solution' was precisely fitted to *Chandler*. But a GAO* report, unknown to the Board, placed the circumstances of *Clark's* furlough in direct contradistinction to *Chandler's*. Rather than using the furlough as its first option, OPM reorganized, then conducted a RIF, and afterward enacted the furlough. Was *Chandler's* use of *Clark* misplaced, so that its stare decisis was now vitiated; and without stare decisis, does *Chandler* fail? | 105 | abuse of discretion |
| By the summer of 2013, DoD and its workforce had accrued 65 years, four wars, and scores of operations that forged a relationship that was no less than a working contract. In exchange for its engagement, forbearance of more lucrative offers, and an unwavering support to the warfighter, the DoD provided its workforce, as part of this contract, an assurance of continued employment, absent cause for removal. The FY 13 furlough broke this contract. DoD had the financial management tools available to anticipate, prepare for, and fully alleviate the furlough. It did not. The furlough abrogated the implicit trust that had bound each employee to its employer and harmed the allure of the Civil Service: neither unfortunate nor misfeasant, was it no less than tortious? | 125 | de novo |
| Rather than his personal preference, Harrow's extension of efficiency as encompassing the morale and productivity of the service is supported by fact and law. The language "such cause as will promote the efficiency of the service" was not written upon a clean slate with the Lloyd-La Follette Act of 1912, nor does it appear on a clean slate now. As a term of art, its scope has been consistently broadened, to include the full width of its interpretation. In the context of the FY 13 furlough, can the term be expanded to include 'mitigate the adverse effects on productivity and morale' and 'maintain mission effectiveness;' and given this expansion, does the preponderance of evidence not shift from promotion to impedance? | 120 | manifest weight of the evidence |

* See "Retrenchment and Redirection at the Office of Personnel Management" at
https://www.gao.gov/assets/ggd-83-95.pdf

**Harrow believes the nature of his non-trivial argument which had been planned for appeal, adds support to this Motion for Extension of Time**

Robert Hale was the Comptroller and Chief Financial Officer for DOD from 2009 to 2014. He describes the events of his tenure in a Brookings paper, "Budgetary Turmoil at the Department of Defense from 2010 to 2014." Speaking of the DoD's preparations for the FY13 furlough on page 4 of the article, he writes

> Specifically, in the fall of 2012 the Department chose not to plan for sequestration or to slow spending in anticipation of cuts. *** Critics assailed the Department for its failure to plan for sequestration, especially because DOD has a reputation for planning for every contingency. *** The decision not to plan extensively for sequestration in the fall of 2012 in part reflected a calculated effort to maintain the pressure for a budget deal

See https://www.brookings.edu/research/budgetary-turmoil-at-the-department-ofdefense-from-2010-to-2014-a-personal-and-professional-journey

Conversely, planning early, the Navy was able to reprogram its funds, to the point where

> A Navy official speaking the condition of anonymity Thursday [11 APR 2013, one month before SECDEF Hagel's 14 MAY 2013 decision to impose furloughs of up to 11 days] said the service hoped to get top leaders in the Office of the Secretary of Defense on board with the plan, but so far there's no indication the Pentagon is softening on the promised "across-the-board" nature of the furloughs. Army and Air Force officials said they knew of no plans within their own service branches to eliminate or reduce furloughs.

See "Navy believes it can avoid furloughs for 201,000 civilian workers" at https://www.stripes.com/navy-believes-it-can-avoid-furloughs-for-201-000-civilianworkers-1.216227. Does the exception prove the rule; was zero furlough days a possibility; could the DoD have adjured its components, as did the Navy, to plan early?

It is equal parts ironic and tragic that in waiting to see how the events of sequestration would play out, the DoD missed an opportunity to get a jump start on restructuring its obligations so that in the end, the necessity for a furlough would be reduced to nil.

## CONCLUSION

Faced with his own negligence, however excusable (he was not attuned to the workings of the MSPB's e-filing system), and the desire to be heard, the best he can now do is to throw himself upon the mercy of the Court. Given these exigencies, Harrow respectfully asks the Board for an extension of the appeal period, to the later of 20 SEP 2022 or ten days after the granting of this request.



# U.S. MERIT SYSTEMS PROTECTION BOARD

**Office of the Clerk of the Board**
1615 M Street, NW
Washington, DC  20419-0002

Phone: (202) 653-7200; Fax: (202) 653-7130; E-Mail: mspb@mspb.gov

**September 12, 2022**

Stuart Harrow
83-44 Lefferts Blvd
Kew Gardens, NY 11415

Dear Mr. Harrow,

This is in response to your recent facsimile submission sent to the Merit Systems Protection Board (MSPB or Board) on September 8, 2022, and titled "Motion for Granting an Extension of Time to File an Appeal."

A review of Board records indicates that the Board issued a Final Order in your case, MSPB Docket No. PH-0752-13-3305-I-1, on May 11, 2022.  Accordingly, your case is closed before the Board.  There is no further right to review in your matter by the Board, and the Board cannot extend the deadline for seeking review in another forum, such as a court.  As such, we will take no further action on your September 8, 2022 submission, and it will not be placed in the record of your appeal because the matter is closed.

If you wish to seek review of the Board's decision in another court or forum, such as the U.S. Court of Appeals for the Federal Circuit, you should review the notice of further review rights included in the Board's May 11, 2022 Final Order issued in MSPB Docket No. PH-0752-13-3305-I-1 and file your request in your chosen court or forum. You must file such a request for review with your chosen court or forum, not the MSPB. If you have questions about the review process in your chosen forum, including questions about deadlines or the ability to request an extension of time, you must contact that forum.

I hope this information is helpful to you.

Sincerely,

_____/s/ for_____
Jennifer Everling
Acting Clerk of the Board

**Harrow, Stuart R CIV DCMA HQ (USA)**

| | |
|---|---|
| **From:** | Kianoury, Lida V CIV DCMA EASTERN RC (USA) |
| **Sent:** | Sunday, September 4, 2022 2:14 PM |
| **To:** | Harrow, Stuart R CIV DCMA HQ (USA) |
| **Subject:** | Re: Final Decision -- Request for Proof of Service |

Hi Stuart,

Based on the fact that we both did not receive timely notice that a decision had been made, I have no objection to your Motion for an extension of time to file an appeal.

**Lida V. KiaNoury**
Counsel
DCMA PHILADELPHIA-OFFICE OF COUNSEL

DCMAE-MPG
700 Robbins Ave/Bldg 4A/P.O. Box 11427
Philadelphia, PA 19111-0427
215-904-1561 Phone

CONFIDENTIALITY NOTICE: This e-mail originates from the DCMA Office of General Counsel. It may contain information protected from disclosure by the attorney-client, attorney work-product, or other privilege. It may also contain sensitive, proprietary, or other information prohibited or exempt from disclosure by the Privacy Act of 1974, FOIA, or other laws. It is intended solely for the use of the recipient for a specific purpose. Do not forward or otherwise distribute this message without prior authorization from the Office of Counsel.

Controlled by: Defense Contract Management Agency (DCMA)
Controlled by: DCMA-Office of General Counsel
CUI Categories: PRIIG, PRIVILEGE, PRVCY
Limited Dissemination Control: ATTORNEY-CLIENT
POC: Lida V. KiaNoury
Lida.V.Kianoury.civ@mail.m

**From:** "Harrow, Stuart R CIV DCMA HQ (USA)" <stuart.r.harrow.civ@mail.mil>
**Date:** Sunday, September 4, 2022 at 1:36:23 PM
**To:** "Kianoury, Lida V CIV DCMA EASTERN RC (USA)" <lida.v.kianoury.civ@mail.mil>
**Subject:** FW: Final Decision -- Request for Proof of Service

Dear Lida,

I spoke with the Clerk of the Board's office on Friday. I asked about my options. The woman I spoke with said I could file a Motion for Granting an Extension of Time to File an Appeal. She suggested I explain the circumstance for my request, and the reasons for granting it. I believe I will need a statement from you saying that you have no objection to granting an extension.

Would you be able to provide it?

Very respectfully,

Stuart

Stuart Harrow
Industrial Specialist
Portfolio Management & Business Integration Directorate (PM&BI) Industrial Analysis Group, Ground and Ships Team
DCMA, PM&BI-PIIBI

** Please take note of my new e-mail address: stuart.r.harrow.civ@mail.mil **

Contact (In Order of Preference)
Cell (347) 531-3683
PHL (215) 904-1452; DSN 444-1452
iPhone (215) 796-7396

Abeunt Studia in Mores - Practices Zealously Pursued Become Habits
"I attribute my success to this: I never gave or took an excuse." -- Florence Nightingale
"I increasingly believe that the essence of leadership... is to be an eloquent listener." Senator Howard H. Baker Jr.

---

**From:** MSPB <MSPB@mspb.gov>
**Sent:** Friday, September 2, 2022 3:01 PM
**To:** Harrow, Stuart R CIV DCMA HQ (USA) <stuart.r.harrow.civ@mail.mil>
**Subject:** [Non-DoD Source] Re: Final Decision -- Request for Proof of Service

Dear Mr. Harrow,

This email is from the Office of the Clerk of the Board for the Merit Systems Protection Board (MSPB or Board) in response to your September 1 and September 2, 2022 emails. Please note that the Board is prohibited by statute from giving advisory opinions. Accordingly, the Board cannot provide you with legal advice regarding your specific situation, including the jurisdiction of other adjudicatory bodies.

A review of our records indicates that you have no matters currently pending before the Board. On July 19, 2016, the Northeastern Regional Office issued an initial decision in MSPB Docket No. PH-0752-13-3305-I-1, affirming the agency's furlough action. On August 23, 2016, you filed a petition for review of the initial decision with the Board. On May 11, 2022, the Board issued a final order, denying the petition for review and affirming the initial decision, which became the Board's final decision. As such, this matter is closed before MSPB, and there is no option in the e-Appeal Online System to file a pleading with MSPB to request further review of your appeal by the Board.

If you wish to file a request for review in another court or forum, such as the U.S. Court of Appeals for the Federal Circuit or a federal district court, you should review the notice of further review rights set forth in the Board's May 11, 2022 final order, issued in MSPB Docket No. PH-0752-13-3305-I-1, and file a separate request for review in the court or forum you have chosen.

As noted above, this matter is not open before MSPB. Further, MSPB is a separate entity from the Federal Circuit. If you have questions regarding the Federal Circuit's appeal process, you may wish to contact the

Federal Circuit directly.  Contact information for the Federal Circuit is available on its website at https://cafc.uscourts.gov/home/the-court/clerks-office/.  You may also wish to review that court's rules, which are available on its website.

I hope this information is helpful to you.

Thanks,
MSPB/em

---

**From:** Harrow, Stuart R CIV DCMA HQ (USA) <stuart.r.harrow.civ@mail.mil>
**Sent:** Friday, September 2, 2022 1:18 PM
**To:** MSPB <MSPB@mspb.gov>
**Cc:** Kianoury, Lida V CIV DCMA EASTERN RC (USA) <lida.v.kianoury.civ@mail.mil>
**Subject:** RE: Final Decision -- Request for Proof of Service

Dear MSPB,

I have updated my email address other contact information in the e-filing system. I would like to file an addendum to the Final Order, so I used the system. But the specific motion I would like to file, "Motion for Granting Extension of Time to File an Appeal" is not in the drop-down menu. The system said to contact MSPB if the motion desired is not on the list. I did, however, send a request to Tech Support.

Please advise.

Very respectfully,

Stuart

Stuart Harrow
Industrial Specialist
Portfolio Management & Business Integration Directorate (PM&BI) Industrial Analysis Group, Ground and Ships Team
DCMA, PM&BI-PIIBI

** Please take note of my new e-mail address: stuart.r.harrow.civ@mail.mil **

Contact (In Order of Preference)
Cell (347) 531-3683
PHL (215) 904-1452; DSN 444-1452
iPhone (215) 796-7396

Abeunt Studia in Mores - Practices Zealously Pursued Become Habits
"I attribute my success to this: I never gave or took an excuse." -- Florence Nightingale
"I increasingly believe that the essence of leadership... is to be an eloquent listener." Senator Howard H. Baker Jr.

---

**From:** Harrow, Stuart R CIV DCMA HQ (USA)
**Sent:** Thursday, September 1, 2022 9:55 PM
**To:** 'MSPB' <MSPB@mspb.gov>

**Cc:** Kianoury, Lida V CIV DCMA EASTERN RC (USA) <lida.v.kianoury.civ@mail.mil>
**Subject:** RE: Final Decision -- Request for Proof of Service

Dear MSPB, Clerk of the Board/cd

You did your homework, and provided me with my answer. It looks like the Board has the upper hand. I tried sending a message to my old stuart.harrow@dcma.mil address and it was a dead letter. The message evaporated into e-space. I called our Help Desk. They said they had stopped forwarding emails for the old address a while ago.

So what to do? I could try contacting a lawyer, but this doesn't come under your usual scope of employment law. Or I could try the Motion to Quash, but given the Board's diligent efforts answer my requests, I don't see a lot of support for this. My concern with the absence of notification is that I missed my appeal period.

Clearly, these are unusual circumstances. Our Agency began its change to mail.mil email addresses in February 2018 (see attachment). My PFR was submitted in August 2016. Had the Quorum been in place, my PFR would have been long gone by that time. But it wasn't and it didn't. Now I am faced with my own negligence, however excusable, as I was not attuned to the workings of the MSPB's e-filing system.

So the best I can do is throw myself upon the mercy of the Court, and given the exigencies, ask for a for a sixty-day extension of the appeal period, until 08 SEP 2022.

Very respectfully,

Stuart

Stuart Harrow
Industrial Specialist
Portfolio Management & Business Integration Directorate (PM&BI) Industrial Analysis Group, Ground and Ships Team
DCMA, PM&BI-PIIBI

** Please take note of my new e-mail address: stuart.r.harrow.civ@mail.mil **

Contact (In Order of Preference)
Cell (347) 531-3683
PHL (215) 904-1452; DSN 444-1452
iPhone (215) 796-7396

Abeunt Studia in Mores - Practices Zealously Pursued Become Habits
"I attribute my success to this: I never gave or took an excuse." -- Florence Nightingale
"I increasingly believe that the essence of leadership... is to be an eloquent listener." Senator Howard H. Baker Jr.

---

**From:** MSPB <MSPB@mspb.gov>
**Sent:** Thursday, September 1, 2022 1:58 PM
**To:** Harrow, Stuart R CIV DCMA HQ (USA) <stuart.r.harrow.civ@mail.mil>
**Subject:** [Non-DoD Source] Re: Final Decision -- Request for Proof of Service

Dear Mr. Harrow,

The Board's records indicate that electronic notification of the Final Order and electronic notification of the certificate of service were sent to your email address of record, stuart.harrow@dcma.mil, on May 11, 2022, at 4:42pm by e-Appeal Online. You note that stuart.harrow@dcma.mil is no longer your active email

address.  With respect to electronic filing procedures, the Board's regulation at 5 C.F.R. 1201.14(e)(6) provides that "[e]ach e-filer must notify the MSPB and other participants of any change in his or her e-mail address.  When done via e-Appeal Online, such notification is done by selecting the "Pleading" option."  On the main e-Appeal website, the "Pleading" section explains that it should be used for submitting a designation of representative or "Changes in Contact information."  Additionally, on May 5, 2022, the Board posted a courtesy notice on its website reminding parties with a pending petition for review of their obligation to notify the Board and other parties of any changes in their contact information, including their email address of record.  The Board has no record of you filing a pleading to update your email address; accordingly, the Board served the Final Order on your email address of record.  Further, section 1201.14(j)(3) provides that e-filers are responsible for monitoring case activity at the Repository at e-Appeal Online to ensure that they have received all case-related documents.

With respect to whether your agency internally could or did route emails directed to your old email address to your new email address, you may wish to inquire with your agency's IT department.

I hope this information is helpful to you.

MSPB/cd

---

**From:** Harrow, Stuart R CIV DCMA HQ (USA) <stuart.r.harrow.civ@mail.mil>
**Sent:** Wednesday, August 31, 2022 11:55 PM
**To:** MSPB <MSPB@mspb.gov>
**Cc:** Kianoury, Lida V CIV DCMA EASTERN RC (USA) <lida.v.kianoury.civ@mail.mil>
**Subject:** RE: Final Decision -- Request for Proof of Service

Dear MSPB Clerk of the Board/cd

As I consider the tone and substance of the email below, I see that I was unduly belligerent, and do truly apologize for any perceived threat, or insinuation that the Board would do anything other than was fitting and proper.

Further, in the course of my review of this afternoon's email, I realized that I had made a math error in calculating the number of days from 11 MAY 2022 to 30 AUG 2022. I had said it was 100 days; the correct number is 111 days. I had neglected, as well, to provide a source for my contention that posting the Final Order in the e-filing system alone, without notification to the interested parties, would constitute a defective service; and to provide support for my request of proof of service.

In that area, I refer you to the Merit Systems Protection Board, Judges' Handbook, Last Updated October 2019; page 76, Chapter 12 - Initial Decisions. While the Judges' Handbook only speaks to Initial Decisions (IDs), I would be hard pressed to believe that these requirements would not apply equally to Petitions for Review (PFRs), which have borne a greater level of review and adjudication.

4. Distribution of Decisions.
a. To Interested Parties.
Copies of the decision must be mailed—or e-mailed to e-filers—to the following:
    (1) Appellant;
    (2) Appellant's Representative;
    (3) Agency's Representative;
    (4) Intervenors; and
    (5) OPM. Electronic copies of IDs will be made available to OPM on the Board's Extranet list serv.
   \*\*\*
c. Certification of Service.

Each ID must be accompanied by the appropriate standardized certificate of service. The certificate will contain each party's postal mailing address but must indicate the method by which service was actually accomplished, i.e., Regular Mail, Electronic Mail, etc.

As I noted below, neither I, nor the Agency's Representative received an email notification of the Final Order.

Very respectfully,

Stuart

Stuart Harrow
Industrial Specialist
Portfolio Management & Business Integration Directorate (PM&BI) Industrial Analysis Group, Ground and Ships Team
DCMA, PM&BI-PIIBI

** Please take note of my new e-mail address: stuart.r.harrow.civ@mail.mil **

Contact (In Order of Preference)
Cell (347) 531-3683
PHL (215) 904-1452; DSN 444-1452
iPhone (215) 796-7396

Abeunt Studia in Mores - Practices Zealously Pursued Become Habits
"I attribute my success to this: I never gave or took an excuse." -- Florence Nightingale
"I increasingly believe that the essence of leadership... is to be an eloquent listener." Senator Howard H. Baker Jr.

---

**From:** Harrow, Stuart R CIV DCMA HQ (USA)
**Sent:** Wednesday, August 31, 2022 5:33 PM
**To:** 'MSPB' <MSPB@mspb.gov>
**Cc:** Kianoury, Lida V CIV DCMA EASTERN RC (USA) <lida.v.kianoury.civ@mail.mil>
**Subject:** RE: Final Decision -- Request for Proof of Service

Dear MSPB Clerk of the Board/cd

Thank you for your timely response. I have a small problem, and perhaps you can help me resolve it.

You correctly note that I am enrolled in the MSPB e-filing system, and that all correspondence has been conducted through this channel. Historically, any time there was an addition or change to my status, or a document was added, I received an email from the Board telling me to log in to the e-filing system to view the change or retrieve the document. In this most recent case of the Board's 11 MAY 2022 decision, I received no such notice. As we are all aware, the resumption of the MSPB's quorum was a cause of great celebration, and many of the appellants, myself included, looked forward to a resolution of my case. But without an email notification, I had no reason to check the system.

So last night, out of general curiosity and interest, I logged on to the MSPB cite, and searched for decisions under the name "Harrow." And I found the instant decision.  But that leaves me with a problem. The elapsed time from the date of the decision to yesterday was 100 days. According the ruling of the court, my 60-day window to file an appeal has passed. But that's presuming the service was effective.

If the MSPB had an historical practice of notifying the appellant of any change in his or her e-filing record. And if in this case, the Board failed to provide this notification, the decision would be void as a result of defective service. So I respectfully request proof that an email was sent to my address of record notifying me of any change. Failing that, I

request that the 11 MAY 2022 Final Order be rescinded and re-issued with today's date. Failing that, I reserve the right to file a Motion to Quash (MTQ).

Two important notes. One - I have contacted the Agency attorney, Ms. Lida Kianoury, and she reports the case status as 'awaiting decision;' and two – our e-mail addresses have changed in the interim. My former address of stuart.harrow@dcma.mil is now stuart.r.harrow.civ@mail.mil. However, I am told that the emails will still reach me, even at the old address.

Very respectfully,

Stuart

Stuart Harrow
Industrial Specialist
Portfolio Management & Business Integration Directorate (PM&BI) Industrial Analysis Group, Ground and Ships Team
DCMA, PM&BI-PIIBI

** Please take note of my new e-mail address: stuart.r.harrow.civ@mail.mil **

Contact (In Order of Preference)
Cell (347) 531-3683
PHL (215) 904-1452; DSN 444-1452
iPhone (215) 796-7396

Abeunt Studia in Mores - Practices Zealously Pursued Become Habits
"I attribute my success to this: I never gave or took an excuse." -- Florence Nightingale
"I increasingly believe that the essence of leadership... is to be an eloquent listener." Senator Howard H. Baker Jr.

---

**From:** MSPB <MSPB@mspb.gov>
**Sent:** Wednesday, August 31, 2022 8:47 AM
**To:** Harrow, Stuart R CIV DCMA HQ (USA) <stuart.r.harrow.civ@mail.mil>
**Subject:** [Non-DoD Source] Re: Final Decision -- Request for Proof of Service

Dear Mr. Harrow,

Our records indicate that the final decision in MSPB Docket No.  PH-0752-13-3305-I-1 was served on you via electronic service on May 11, 2022.  As a registered e-filer in MSPB Docket No. PH-0752-13-3305-I-1, you receive electronic service of pleadings filed by other registered e-filers and documents issued by the MSPB.   For more information on what it means to be registered as an e-filer, please review the Board's relevant regulation at 5 C.F.R. 1201.14(e), which is available on our website at https://www.ecfr.gov/current/title-5/chapter-II/subchapter-A/part-1201#1201.14.

If you wish to review the case record in your appeal, including the certificate of service and Final Order, you may review the case record by visiting e-Appeal Online at https://e-appeal.mspb.gov/, selecting the option for "Repository," and entering your username, password, and docket number.   If you have forgotten your e-Appeal username or password, you can submit a request for your username and/or password to be emailed to your email address of record under Account Troubleshooting.  Please note, if you experience technical difficulties with e-Appeal, you can submit a technical support ticket at https://e-

appeal.mspb.gov/ by selecting the option for "Technical Assistance" at the bottom of the page. I hope this information is helpful to you.

Thanks,
MSPB/cd

---

**From:** Harrow, Stuart R CIV DCMA HQ (USA) <stuart.r.harrow.civ@mail.mil>
**Sent:** Tuesday, August 30, 2022 8:57 PM
**To:** MSPB <MSPB@mspb.gov>
**Subject:** Final Decision -- Request for Proof of Service

Dear MSPB Clerk of the Board,

I just located this decision through a web search. I have not received notice of the decision. Neither through email nor post. Would you kindly provide the proof of service.

https://nam11.safelinks.protection.outlook.com/?url=https%3A%2F%2Fwww.mspb.gov%2Fdecisions%2Fnonprecedentia l%2FHARROW_STUART_R_PH_0752_13_3305_I_1_FINAL_ORDER_1923920.pdf&amp;data=05%7C01%7Cmspb %40mspb.gov%7C2e3d2015a7b64dc965f408da8aebf874%7Cabdad186352647b09f097f0495a486f7%7C0%7C1%7C637 975043348941865%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haW wiLCJXVCI6Mn0%3D%7C3000%7C%7C%7C&amp;sdata=AJnPYmH%2FRCjQAqT41JDPvi%2BXXBQVTehXIXX BF2YogNM%3D&amp;reserved=0

Very respectfully,

Stuart Harrow
Industrial Specialist
Portfolio Management & Business Integration Directorate (PM&BI) Industrial Analysis Group, Ground and Ships Team
DCMA, PM&BI-PIIBI

** Please take note of my new e-mail address: stuart.r.harrow.civ@mail.mil **

Contact (In Order of Preference)
Cell (347) 531-3683
PHL (215) 904-1452; DSN 444-1452
iPhone (215) 796-7396

Abeunt Studia in Mores - Practices Zealously Pursued Become Habits
"I attribute my success to this: I never gave or took an excuse." -- Florence Nightingale
"I increasingly believe that the essence of leadership... is to be an eloquent listener." Senator Howard H. Baker Jr.



# DEFENSE CONTRACT MANAGEMENT AGENCY

Search DCMA 🔍

POLICIES   ABOUT US ⌄   NEWS ⌄   CAREERS ⌄   DCMA O365   EMPLOYEES ⌄   E-BUSINESS ⌄   IWMS ⌄

CUSTOMERS ⌄   ETOOLS   SMALL BUSINESS

HOME › NEWS › ARTICLE VIEW



**NEWS** | Feb. 27, 2018

# DCMA to transition email services

### By DCMA Information Technology

FORT LEE, Va. — Defense Contract Management Agency employees should expect to begin transitioning to the Department of Defense Enterprise Email, or

**Skip to main content (Press Enter).**

DEE, in the coming months. This system is managed by the Defense Information Systems Agency, better known as DISA, and will bring the agency in line with much of the DoD.

"DEE is one of the first transitional steps that brings DCMA's Information Technology infrastructure in-line with the larger DoD strategy of providing enterprise level capability as a service," said Joe Rhodes, IT collaboration portfolio manager. "In the following years as we look towards other enterprise services such as Defense Enterprise Office Solution and Enterprise Collaboration and Productivity Strategy, this agency will reap significant benefits from migrating now, and beginning the paradigm shift."

The transition will include emails and DCMA-issued iPhones. All email addresses will be structured to roll into the larger DoD construct, which means naming conventions will be different and will end in @mail.mil instead of @dcma.mil.

In addition to the different email addresses, some features in this migration will include larger mailboxes and attachment capabilities. This move to DEE will bring DCMA in line with **DoD Directives** and bring positive changes to the users.

"For the employees, it brings the convenience of having access to Outlook Web Access to read email from any internet connected computer with a CAC reader," said Martha Iwaniec, DCMA's DEE technical lead. "DEE accounts are also portable meaning users can continue using the same account even if transferring to another agency. Additionally, the Global Address List will allow users to find colleagues and contacts across all DoD components, not just DCMA."

IT plans to identify and migrate a pilot group towards the end of March and will transition the rest of the organization by site groups afterwards over a six-month period. Employees are encouraged to take some preparatory steps such as minimizing individual mailbox sizes. IT specialists will provide assistance through multiple instructional formats in the coming months.

The management of DCMA-issued iPhones will also transition to DISA. Individuals will keep their current phones, which will migrate to DEE simultaneously with email. The workforce will gain the ability to read and send encrypted email. This

**Skip to main content (Press Enter).**

change will also allow access to the DoD Application Vetting Environment, which is a list of over 300 applications approved for government use.

"Moving to DEE and DoD Mobility Unclassified Capability will provide our workforce with a suite of vetted mobile applications," said Jeff Beaudoin, IT's mobility program manager, "Eventually, personnel will also have the capability to send and receive encrypted emails on their mobile devices."

Look for more information on email and iPhone changes in the coming months. Remember to check the 360 homepage and **360 DEE Site** (CAC login required) regularly for important notifications on connectivity, DAI, Human Capital and other issues.

 

SHARE          PRINT

### Related Stories



**PM&BI assumes control of COOP management**

**Business Capabilities Framework bridges the agency's mission and vision into standardized procedures**

**New landing page, 360 changes coming**

 **Information Technology**  **DISA**  **DCMA** 🏷 **Defense Enterprise Email**

### Top Stories

**Joint Strategic Quality Council strategizes using DCMA Strategic Plan**
**Lilly Ledbetter highlights Women's Equality Day celebration**
**IT launches comprehensive 365 resource page**
**AIMO St. Augustine celebrates 'Zombie Viper' delivery**
**Cybersecurity specialist wins STEM award**

### More Stories

Skip to main content (Press Enter).    **MyDCMA: Christopher Chan, contract administrator**

**My DCMA: Gail Gila Langford, contract administrator**
**My DCMA: Lauren Bastien, industrial specialist**
**My DCMA: Andy Silva, contract administrator**
**My DCMA: Army Maj. Matthew Capps, program integrator**

## Contact Public Affairs

Defense Contract Management Agency
Attn:  DCMA - DCC Office of Strategic Communication
3901 A Avenue Building 10500 Fort Lee, VA 23801
Media Relations:  804-873-8011
Email: **dcma.lee.hq.mbx.DCMA-Public-Affairs@mail.mil**
FOIA Requests:  804-609-4533

Download the **DCMA Media Kit (PDF)**

## News Archives

**2022 (73)**
**2021 (89)**
**2020 (91)**
**2019 (119)**
**2018 (134)**
**2017 (129)**
**2016 (87)**
**2015 (12)**
**2014 (5)**
**2011 (1)**