NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STUART R. HARROW,**
*Petitioner*

v.

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2022-2254

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-13-3305-I-1.

---

Before TARANTO, MAYER, and STOLL, *Circuit Judges*.

PER CURIAM.

**O R D E R**

In response to this court's order to show cause, Stuart R. Harrow argues against dismissal of his case. The Department of Defense has not responded.

On May 11, 2022, the Merit Systems Protection Board issued its final decision affirming the agency's furlough action. The decision informed Mr. Harrow that to seek judicial review in this court, the court had to receive a petition for review from him "within 60 calendar days of the date of

issuance of this decision." ECF No. 6 at 35 (emphasis omitted).

On September 8, 2022, outside of that 60-day period, Mr. Harrow moved the Board for an extension of time to appeal. The Acting Clerk of the Board replied by letter dated September 12, 2022, explaining that "the Board cannot extend the deadline for seeking review in another forum, such as a court." ECF No. 1-2 at 22. Mr. Harrow then filed this petition on September 16, 2022, 128 days after the Board's final decision.

The timely filing of a petition from the Board's final decision is a jurisdictional requirement and "not subject to equitable tolling." *Fedora v. Merit Sys. Prot. Bd.*, 848 F.3d 1013, 1016 (Fed. Cir. 2017). A petition from a final decision "shall be filed within 60 days after the Board issues notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1)(A). Here, Mr. Harrow does not dispute that he filed his petition for review outside of this statutory deadline.

Mr. Harrow contends that his failure to timely file his petition for review is excusable, stating that he did not become aware of the decision until August 30, 2022, as a result of his "fail[ure] to notify [the Board] of his new email address," Resp. at 7. While we may be sympathetic to Mr. Harrow's situation, this court can only consider whether the petition was timely filed and cannot excuse a failure to timely file based on individual circumstances. *Cf.* Fed. R. App. P. 26(b)(2) (prohibiting the court from extending or reopening the time to petition for review "unless specifically authorized by law").

To the extent that Mr. Harrow contends that the Board had authority to extend the time to file a petition for review, we likewise reject that argument. "[A]dministrative agencies are generally limited to the exercise of powers delegated them by Congress." *Tokyo Kikai Seisakusho, Ltd. v. United States*, 529 F.3d 1352, 1359 (Fed. Cir. 2008). Mr.

Harrow has identified no source of law that grants the Board authority to extend the deadline to petition this court for review. Mr. Harrow cites to Federal Rule of Appellate Procedure 4(a)(5), but that only permits *district courts* to extend the time to appeal, consistent with 28 U.S.C. § 2107(c). Mr. Harrow points to no authority, and we are aware of none, that would authorize the Board to extend the jurisdictional deadline in § 7703(b)(1)(A).

Accordingly,

IT IS ORDERED THAT:

(1) The petition for review is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

February 14, 2023　　　　/s/ Peter R. Marksteiner
　　　Date　　　　　　　　Peter R. Marksteiner
　　　　　　　　　　　　　Clerk of Court